# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| JEFFREY KNIFONG,<br><br>    Plaintiff,<br><br>vs.<br><br>BUTCH GIRARD and JAY HANSEN,<br><br>    Defendants. | Cause No. CV 11-00018-BU-RFC-CSO<br><br>ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE<br><br>**(Defendants see D.Mont. L.R. 12.2)** |

Plaintiff Jeffrey Knifong, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending are Knifong's motion to proceed informa pauperis, motion for appointment of counsel, and proposed Complaint raising claims of retaliation, excessive use of force, cruel and unusual punishment, and deliberate indifference to a serious medical need.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Knifong submitted a declaration and account statements sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the

request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Knifong is required to pay the statutory filing fee for this action of $350.00. Knifong submitted account statements showing average monthly deposits of $71.66 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $14.33 will be assessed. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Knifong's account and forward it to the Clerk of Court.

Thereafter, Knifong will be obligated to make monthly payments of 20% of the preceding month's income credited to Knifong's prison trust account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Knifong to forward payments from Knifong's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.

Knifong's Complaint shall be deemed filed when the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II. STATEMENT OF THE CASE

### A. Parties

Knifong is a state prisoner proceeding *pro se*. He is currently incarcerated at Crossroads Correctional Center in Shelby, Montana.

The named Defendants are Butch Girard, the Jail Supervisor for Beaverhead County Jail; Jay Hansen, the Beaverhead County Sheriff; and the Beaverhead County Sheriff's Department.

### B. Factual Allegations

Knifong alleges that on July 27, 2010, after his probation revocation hearing, Defendant Girard placed his left wrist backwards in the "belly chain" cuff and the cuffs were too tight. Knifong was completely shackled even at the ankles. Once in the hallway after

leaving court, Girard kept pushing and pulling very forcefully on the belly chain belt from behind. Knifong indicates he stopped walking and complained loudly that Girard was hurting him. Girard then "immediately slammed Knifong face first, full force with both of their body weights combined." (Court Doc. 2, p. 6). Girard then stated, "How do you like that?" (Court Doc. 2, p. 6).

Girard then took Knifong downstairs to the jail. Knifong kept repeating to Girard that he had broken his wrist. Girard slammed Knifong's head very forcefully into a door jam and angrily said "maybe breaking your arm will teach you not to send any more letters to the ACLU." Girard then placed Knifong in solitary confinement for an hour and a half. An officer then came in and reshackled Knifong and told him he would be going to the infirmary at Montana State Prison. Instead, Knifong was put in the "hole" at MSP. (Court Doc. 2, p. 6).

A month prior to this incident Knifong had contacted the ACLU for a separate assault on Knifong at the hands of Beaverhead County Jail Staff. (Court doc. 2, pp. 6-7).

As a result of the July 2010 incident, Knifong contends his wrist was severely broken, severing nerves and tendons. He states a large portion of bone on the inside of his left wrist was actually sheared off and he is now suffering complete paralysis in his left thumb. Doctors have told him that he can anticipate ongoing problems and pain, and that the paralysis is perhaps permanent. (Court Doc. 2, p. 8).

Knifong asserts claims of retaliation, excessive use of force, cruel and unusual punishment, and deliberate indifference to serious medical needs in violation of the Eighth Amendment to the United States Constitution. He alleges Defendant Girard directly caused his injuries and Defendant Hansen supervises Girard which makes him indirectly responsible by failing to properly train his officers.

## III. PRESCREENING

Because Knifong is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the

> court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

The Court has considered whether Knifong's claims against Defendants Girard and Hansen are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. See 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Knifong has a reasonable opportunity to prevail on the merits if the allegations of the complaints are proven. See 42 U.S.C. § 1997e(g). With liberal construction, the Court finds that Knifong's allegations

warrant a response from Defendants Girard and Hansen. Accordingly, the Complaint will be served on Defendants Girard and Hansen.

Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of a sheriff's department to be sued is determined by Montana law. Although this issue has been addressed in California, there does not appear to be a clear decision under Montana law. Cf. Streit v. County of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001)(a California sheriff's department may be sued in federal court). The Court need not decide this issue here, however, because Knifong also named Sheriff Hansen in his official capacity. Naming a county official in his official capacity is effectively the same as bringing claims against the county itself. Brandon v. Holt, 469 U.S. 464, 471-72 (1985). Knifong's claims against the Beaverhead County Sheriff's Department are duplicative of the claims against the Sheriff in his official capacity. Accordingly, the Sheriff's Department will be recommended for dismissal.

The Court makes no conclusions about the truth of Knifong's allegations or about the strength of his claims or of the evidence he

might offer to corroborate them. The Court only finds that he said enough to require a response from Defendants Girard and Hansen.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). 28 U.S.C.§ 1915 only allows the Court to "request" counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §1915(e)(1). The Court cannot make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

The Court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

Terrell, 935 F.2d at 1017 (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Knifong has not demonstrated exceptional circumstances requiring the Court to request counsel to represent him. Knifong states that he is unable to afford counsel and he has made repeated efforts to obtain counsel to no avail. He contends that his imprisonment will affect his ability to litigate, that the issues are complex and will require significant research and investigation, that he has limited access to the law library, and that he has limited legal knowledge. He asserts that a trial will likely involve conflicting testimony and counsel would better enable him to present evidence and cross examine witnesses.

Pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case complex. See Wilborn, 789 F.2d at 1331. Similarly, factual disputes and anticipated examination of witnesses at trial does not warrant the finding of exceptional circumstances supporting an appointment of counsel. See Rand v. Rowland, 113 F.3d at 1525 (holding that the appellant "may

well have fared better – particularly in the realms of discovery and the securing of expert testimony – but this is not the test.").

An assessment of the litigant's performance in the case may be considered as evidence that he has some ability to navigate legal proceedings. See Plummer v. Grimes, 87 F.3d 1032, 1033 (9th Cir. 1996)). Knifong has demonstrated the ability to articulate his position to the extent that the Court has directed his Complaint be served upon Defendants. The motion will be denied at this time.

Based on the foregoing, the Court issues the following:

### ORDER

1. Knifong's Motion for Appointment of Counsel (*Court Doc. 3*) is denied.

2. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Girard and Hansen to waive service of summons of Knifong's Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If Defendants choose

to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). See also 42 U.S.C. § 1997e(g)(2).

    3. The Clerk of Court shall forward the documents listed below to:

| | |
|---|---|
| Jed C. Fitch | Butch Girard |
| Beaverhead County Attorney | Jay Hansen |
| 2 South Pacific St., STE # 2 | Beaverhead County Sheriff's Dept. |
| Dillon, MT 59725 | 2 South Pacific STE # 16 |
| | Dillon, MT 59725 |

\*    Complaint (Court's Doc. 2);

\*    this Order,

\*    a Notice of Lawsuit & Request to Waive Service of Summons; and

\*    a Waiver of Service of Summons

Should Mr. Fitch determine he does not represent these Defendants, he should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. See D. Mont. L.R. 12.2.

4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

5. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

6. Knifong shall not make any motion for default until at least seventy (70) days after the date of this Order.

7. At all times during the pendency of this action, Knifong SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Knifong has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Defendant Beaverhead County Sheriff's Department should be dismissed.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Knifong may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of May, 2011.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:     Jed C. Fitch
         Beaverhead County Attorney
         2 South Pacific St., STE # 2
         Dillon, MT 59725

      A lawsuit has been commenced by an incarcerated pro se plaintiff against the following individuals who you may represent: Butch Girard and Sheriff Jay Hansen. A copy of the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-11-00018-BU-RFC-CSO. The Court has completed its pre-screening and concludes that Defendants must file a responsive pleading. <u>See</u> 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

      This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

      If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                    <u>/s/ Carolyn S. Ostby</u>
                                      United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Butch Girard
Jay Hansen
Beaverhead County Sheriff's Dept.
2 South Pacific STE # 16
Dillon, MT 59725

A lawsuit has been commenced by an incarcerated pro se plaintiff against you. A copy of the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-11-00018-BU-RFC-CSO. The Court has completed its pre-screening and concludes that you must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on you and may impose the full costs of such service.

/s/ Carolyn S. Ostby
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: <u>Knifong v. Girard and Hansen</u>, Civil Action No. CV-11-00018-BU-RFC-CSO filed in the United States District Court for the District of Montana. Defendants have also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring the following individuals be served with judicial process as provided by Fed.R.Civ.P. 4:

_____;   _____;

_____;   _____;

_____;   _____;

The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand that judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

I decline to waive service on behalf of the following defendants:

_____;   _____;

_____;   _____;

_____;   _____;

_____
DATE

_____
SIGNATURE

_____
PRINTED/TYPED NAME

_____

_____
ADDRESS