IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| JEFFREY KNIFONG,<br><br>Plaintiff,<br><br>vs.<br><br>BUTCH GIRARD and JAY HANSEN,<br><br>Defendants. | Cause No. CV 11-00018-BU-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This is a civil rights action initially filed *pro se* on April 1, 2011. Counsel appeared for Plaintiff Jeffrey Knifong ("Knifong") on April 22, 2012 *(DKT 22),* although it appears that counsel were involved in the case well before that time. *See DKT 18 at 3.*

The following motions are pending: (1) Defendants' Motion for Sanctions (*DKT 23*), and (2) Defendant Hansen's Motion for Summary Judgment *(DKT 25).* The Court will grant in part the Motion for Sanctions and will recommend that the motion for summary judgment be denied.

The Court is mindful that counsel for Knifong has indicated in

1

briefing that they do not have contact with their client and that they may intend to withdraw. But no motion to withdraw has been filed despite ample time to do so, and Mr. Flaherty and Mr. Potts are still Knifong's counsel of record. *See* Local Rules 83.2(a) (incorporating Rules of Professional Conduct, including Rule 1.16), 83.3(b) (governing Withdrawal of Counsel). Absent proper withdrawal, counsel of record must be recognized as such by the Court and by opposing parties. *Id. See generally,* CJS Attorney & Client § 270.

## I. **MOTION FOR SANCTIONS**

Defendants seek sanctions based upon Knifong's failure to appear at his noticed deposition and his failure to adequately respond to discovery requests. They seek, in the alternative, an order (1) dismissing the action with prejudice, (2) prohibiting Knifong from introducing medical evidence concerning his alleged injury, or (3) compelling Knifong to attend his deposition and to produce medical documentation requested in discovery. They also seek an award of fees and costs.

## A. Dismissal and/or Monetary Sanctions

The discovery deadline in this case was May 11, 2012. Defendants did not notice Knifong's deposition until May 14, 2012, and the deposition was scheduled for May 18, 2012. Counsel for Knifong and Defendants may have agreed to take Knifong's deposition outside the discovery period, but they did not obtain a Court order to that effect. Local Rule 26.3(a)(5) allows the parties to stipulate to time limits for discovery but not if it extends the date set for the close of discovery. Without an order extending the discovery deadline, neither dismissal nor monetary sanctions are appropriate.

## B. Discovery Responses

Defendants also seek an order prohibiting Knifong from introducing medical evidence at trial because Knifong allegedly failed to produce the evidence in response to discovery requests. Counsel for Knifong responded that Knifong "produced records he had and indicated he had not been given other records" (*Court Doc. 29 at 4*). Knifong concluded, citing <u>Fields v. West Virginia State Police</u>, 264 F.R.D. 260, 263 (S.D. W.Va. 2010), that he is not required to produce medical

3

records that are not in his ownership, possession or control. Defendants respond that Knifong's position "makes sense only ... if Defendants knew from where to get the requested information." *Court Doc. 31 at 4.*

As set forth below, the Court concludes that the proper remedy here is to require Knifong to appear for deposition. This will give the Defendants an opportunity to request the information they need to obtain the medical information they seek. Thus, the motion to compel discovery responses will be denied with leave to renew, as necessary, after Knifong is deposed.

**C. Deposition**

Defendants seek an order compelling Knifong to attend his deposition at a time and place convenient to defense counsel. The Court concludes that, given the current status of these proceedings, this aspect of the motion is well-taken. Knifong will be required to attend his deposition at a time and place convenient to defense counsel. The Court will extend the discovery deadline until October 15, 2012, for this purpose.

**Knifong is advised that if he fails to appear for his deposition, the Court will recommend that this action be dismissed with prejudice for failure to comply with this Order, failure to comply with the rules of procedure, and failure to prosecute this action.** *See* **Fed. R. Civ. P. 37(b)(2)(A)(v).**

## II. MOTION FOR SUMMARY JUDGMENT

### A. Summary Judgment Standards

A party is entitled to summary judgment if it can demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] That is, where the documentary evidence permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Rule 56 of the Federal Rules of Civil Procedure provides,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

---

[1] Rule 56 was amended in 2010. It is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." Fed. R. Civ. P. 56, Notes of Advisory Comm. on 2010 amendments.

5

> declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

Thus, the party seeking summary judgment bears the initial burden of informing the Court of the basis of the motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a defendant files a properly supported motion for summary judgment, a plaintiff may not rest on its allegations alone without "any significant probative evidence tending to support the complaint." *Anderson*, 477 U.S. at 249 quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (internal citations omitted).

> The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

*Anderson*, 477 U.S. at 252. "[I]f the factual context makes the non-moving party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)(emphasis in original). Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." *Matsushita Elec.*

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Local Rule 7.1(d)(1)(B) provides that a failure to file a response brief may be deemed an admission that a motion is well-taken. But a court may not grant summary judgment simply because the non-moving party filed no responsive papers, even if the failure violates a local rule. *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994); *Henry v. Gill Industries*, 983 F.2d 943, 949–950 (9th Cir. 1993). When no response is filed, the movant's papers must be sufficient to support summary judgment in order for the court to grant summary judgment in the movant's favor. *Id.* at 950. Here, Defendant Hansen's papers are insufficient to support summary judgment.

B.  **Parties' Positions**

Knifong's Complaint alleges that Defendant Girard utilized excessive force after Knifong's probation revocation hearing on July 27, 2010. (*Court Doc. 2, p. 6*). Knifong contends that as a result of this incident his wrist was severely broken, severing nerves and tendons. (*Court Doc. 2, p. 8*). He alleged that Hansen was "indirectly responsible" for Knifong's injury for not training and supervising

8

Defendant Girard.

Defendant Hansen argues in the motion for summary judgment that he was not present in the courtroom at the time the alleged injury occurred and therefore could not have participated in depriving Knifong of his constitutional rights. (*Court Doc. 25, 26*).

On June 21, 2012, counsel for Knifong filed a brief response to the motion for summary judgment indicating he no longer had contact with Knifong and therefore was unable to respond to the pending motion. (*Court Doc. 30*). Thus, Knifong not responded to the substance of the motion.

**C. <u>Analysis</u>**

There are two ways to allege individual liability against a defendant in an action proceeding under 42 U.S.C. § 1983. First, an individual can be held liable for their own personal acts which directly cause an injury. There is no allegation or suggestion that Defendant Hansen's personal acts directly caused Knifong's injury.

Second, an individual can be held liable individually under a theory of supervisory liability. "[A] plaintiff may state a claim against a

9

supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).

The Ninth Circuit has identified four general situations in which supervisory liability may be imposed: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

Here, Knifong's verified complaint alleged Defendant Hansen was responsible for Knifong's injury by failing to train his officers correctly in "those types of situations." (*Court Doc. 2, p. 8*). Defendant Hansen does not address Knifong's failure to train allegation. Even though Hansen was not present in the courtroom at the time of the alleged excessive force incident, he could still be liable for inadequate training

or supervision. Hansen is not entitled to summary judgment on Knifong's supervisory liability claim.

## III. **CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

(1) Defendants' Motion for Rule 37 Sanctions (*Court Doc. 23*) is GRANTED as to the taking of Knifong's deposition. Knifong is required to appear for his deposition at a time and place to be noticed by defense counsel. All other relief requested in the Motion for Rule 37 Sanctions is DENIED.

(2) The discovery deadline is hereby extended to October 15, 2012, for the purpose of allowing Plaintiff's deposition to be taken and medical records obtained.

(3) The Motions Deadline is extended to October 29, 2012.

(4) **If Knifong fails to attend his deposition, the matter will be recommended for dismissal for failure to comply with this Order, failure to comply with rules of procedure and for failure to prosecute.**

Further, IT IS RECOMMENDED that Defendant Hansen's Motion for Summary Judgment (*Court Doc. 23*) be denied.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If any party files objections, they must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, they must itemize each recommendation to which objection is made and set forth the authority they rely on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude the party from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and

Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of September, 2012.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge