# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| JEFFREY KNIFONG, | CV-11-18-BU-RFC |
| Plaintiff, | |
| vs. | |
| BUTCH GIRARD and JAY HANSEN, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| Defendants. | |

On September 5, 2012, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court deny Defendant Hansen's Motion for Summary Judgment (*Court Doc. 23*).

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the September 5, 2012 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to

1

review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

There are two ways to allege individual liability against a defendant in an action proceeding under 42 U.S.C. § 1983. First, an individual can be held liable for their own personal acts which directly cause an injury. There is no allegation or suggestion that Defendant Hansen's personal acts directly caused Knifong's injury. Second, an individual can be held liable individually under a theory of supervisory liability. "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).

The Ninth Circuit has identified four general situations in which supervisory liability may be imposed: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

Knifong's verified complaint alleged Defendant Hansen was responsible for Knifong's injury by failing to train his officers correctly in "those types of situations." (*Court Doc. 2, p. 8*). Defendant Hansen does not address Knifong's failure to train allegation. Even though Hansen was not present in the courtroom at the time of the alleged excessive force incident, he could still be liable for inadequate training or supervision. Hansen is not entitled to summary judgment on Knifong's supervisory liability claim.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Hansen's Motion for Summary Judgment (*Court Doc. 23*) is denied.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the ____ day of October, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE