IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION



| | |
|---|---|
| JEFFREY KNIFONG, | Cause No. CV 11-00018-BU-RFC |
| Plaintiff, | |
| vs. | ORDER |
| BUTCH GIRARD and JAY HANSEN, | |
| Defendants. | |

After Plaintiff Jeffrey Knifong's counsel was allowed to withdraw and the motion deadlines passed, Mr. Knifong was required to file a notice indicating whether he was prepared to proceed to trial. Doc. 38. Mr. Knifong failed to comply with the Court's Order and has failed to prosecute this case.

This Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). However, dismissal is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a

sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given that this case has dragged on for nearly two years, the first factor weighs strongly in favor of dismissal. Moreover, it appears clear that Mr. Knifong has no intention on participating in a trial of this case.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants . . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). It appears that Mr. Knifong has left the state and although given an opportunity to participate in this action after the withdrawal of his

counsel, he failed to respond to the Court's Order. The Court must be able to manage its docket. It cannot do so if Mr. Knifong refuses to communicate with the Court. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Mr. Knifong's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered the possibility of and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to a dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Knifong was given an opportunity to notify the Court whether he intended to proceed to trial in this matter, he filed no response. Given Mr. Knifong's refusal to respond, the Court can envision no further alternatives to dismissal.

3

The last factor weighs against dismissal of the Complaint because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Since the other four factors weigh in favor of dismissal, however, dismissal is an appropriate sanction.

Accordingly, IT IS HEREBY ORDERED that:

(1) This matter is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(2) The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

(3) The Clerk of Court shall serve a copy of this Order on Knifong at the address listed on the certificate of service of his counsel's motion to withdraw.

DATED this 3 day of December, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE